May it please the Court, Lawrence Rolfing, on behalf of Carlos Gutierrez. In this case, the administrative law judge found that Mr. Gutierrez could not perform any of his past relevant work, and in light of his residual functional capacity and the burden of production as part of the burden of proof, shifted to the Commissioner to produce evidence that he could perform other work in the national economy. And other work is specifically defined in the statute as work existing in the national economy, and the Congress has defined national economy as meaning work which exists in the national economy means work which exists in significant numbers either in the region where such individual lives or in several regions of the country. In this case, the vocational expert, in light of the combination of exertional and non-exertional limitations, identified two occupations, Almaguancher and Ensembler, that exist in some 2,500 jobs in the State of California. And the question is whether the State of California is a region of the country, or if the nation is several regions of the country, for purposes of extinguishing the Commissioner's significant number of jobs burden of production. The statute does not permit use of the State as a measuring rod for the region in which the person lives. Robertson, I mean, on the merits, it might be a good argument, but we're talking about what the statute does or doesn't do. Well, the statute says that it doesn't matter whether work exists in the immediate area in which the person lives because it's a national standard. Right. And then later on, the statute says that the work has to exist in either the region in which you live or in several regions of the country. Well, does that mean if there's 14 million of these jobs in Arkansas, you're outscout regions of the country? Well, if there's 14 million jobs in the State of Arkansas, and let's assume that there are at least three separate regions, Little Rock, you know, whatever, I'm not real familiar with Arkansas geography, then there would be several regions within the State of Arkansas that a person – several – a significant number of jobs in several regions in the State of Arkansas that a person could perform a significant number of jobs. And so that individual would live even if the jobs were all in Arkansas. It would mean that by saying, and this is – maybe I'm completely dead wrong on this. But by saying regions in the country, they don't necessarily have to be in the locale where the person lives. Correct. The region in which the person lives has to be the locale where they live. And several regions in the country means several other regions of the country. The Commissioner in the regulation inserts the word other, several other regions of the country. So is it correct that there could be no jobs like this at all in the area where your client lives, but if they existed in large measure in Nevada, Washington, and Idaho, your client is out? Because the logic of the statute is that if there are no jobs of the kind that you can perform in the region in which you live, the society, we, through Congress, expect you to pick up and move to a region where there are a significant number of jobs. Well, I think the statute says if there are jobs in other regions, even if they're not in your State, I mean, that's too bad for your client. Is that the way it reads? Right. So then why, when you get into one State, do you have to subdivide it into smaller areas, each one of which you call a region? Well, if we were in Alaska, we wouldn't expect people who live in Barrow to commute to a job in Anchorage. And if we don't expect people in Bakersfield to commute to Los Angeles for an $8-an-hour job. We expect them under the statute to move to Arizona. Right. So why wouldn't they move within another region within the same State? I'm just trying to see, because, I mean, it seems like in this case, we could affirm the ALJ's decision because it found that there were 25,000 jobs that Mr. Gutierrez could do in the Nation. Right. Right? Only if that number leads directly to an inference that there are several regions of the country where there are a significant number of jobs under Beltran and under the cases that come before Beltran-Martinez. I don't understand the only in that. I don't understand, I guess, maybe the whole thing you just said right now. And I want to make sure I try to understand it. So why wouldn't we just affirm, because I understand your point in terms of equity and everything, but we're looking at the statute. We're looking at what's been decided, and we have to determine whether there was a substantial basis for the ALJ to decide the way it did. And I'm having difficulty understanding how we wouldn't affirm, if not on the first part, on the second part. The statute allows the Commissioner to satisfy her burden of proof with one of two pieces of evidence, either a significant number of jobs in the region in which the person lives, or in several, as the Commissioner defines it, other regions of the country. And so we need to know how many jobs there are in the region in which the person lives, and we don't have that evidence here, or we need to have evidence of the numerosity of those jobs in several other regions of the country. And we don't have that evidence here. And what the Commissioner wants us to do is to say the State is a region, or 2,500 jobs in Los Angeles, San Diego, San Francisco, Sacramento, Stockton, Fresno. There must be a significant number in one of those regions. Shouldn't there? Well, not necessarily, and we don't have evidence of that in this record. We have evidence of a statewide number of jobs. And the reason that we have several other regions of the country is that we expect people to have some degree of mobility. And if the person has to move, physically move their residence, then they are entering a different region of the country. How are you asking us to define region, and on what basis do you ask us to do that that comes from the statutes, the regs, or whatever? What Mr. Gutierrez is asking is that the Court define region as a geographic area that is a reasonable commuting distance. It's like great bodily injury, huh? Well, what's a reasonable commuting distance? I mean, in Los Angeles, people drive all over hell and back to get to work, and other places they don't. I mean, here we go into reasonable. Boy, that's a tough standard in this context. Because reasonable ---- A bullet train from Los Angeles to San Francisco, that makes it a reasonable commuting distance. If they ever put that in, it takes two hours. I'll hold my breath for that to be built. I don't think it's going to happen, but that's a different subject. I commuted last night from Los Angeles, Ontario, to San Francisco to attend this argument because I'm not making $8 an hour. So then reasonable depends on how much money you're making, too. That's part of it, because it's contextual, because people might commute two or three hours a day because of a lifestyle choice, because of the economics involved. But if you take an individual that's ---- Roberts, what you're saying makes sense, except I'm having trouble finding a basis to so conclude or to so define the term out of the language that we're dealing with. Well, if you agree that region is not a commute from Los Angeles to Sacramento for an unskilled worker on a daily basis, then we agree that the State of California cannot be a region. We need to break it into pieces. And the question is, how many pieces and how large are the pieces going to be? And so in San Francisco, the region could be significantly larger because of the centralization of the economy and the existence of a well ---- a mature rapid transit system that allows people to move to those jobs in different locations relatively inexpensive. But for someone that lives in Bakersfield to ride the Amtrak on a daily basis for $30 a day each way, $60, and they're only making $8 an hour, that's $64, so they're working for $4 a day. That doesn't make sense. They would have to move from Bakersfield to Fresno. And so the district ---- So now you're getting ---- that's an interesting metric to start defining region, is how much it costs you to get to where you're going and how much you're going to get paid once you get there. Because, as I said before, Judge, it's contextual and it matters. What case do you want us to read that suggests that you're right? Is there a case that you're relying on or just common sense? Common sense reading of the statute. I really am. This kind of case, when we look at the record before the administrative law judge, administrative counsel seemed disinterested in the legal definition of region. The vast majority of cases, the case out of Oregon that the Commissioner cites, the lawyers are disinterested in the definition of allowing the court, not litigating the issue of whether Oregon, with its several different large population brackets and relatively significant geographic area covered, that the State of Oregon could be a region. It's just not litigated. And my review of the cases across the country indicate to me that this issue has not been adequately addressed, even though the statute's been in place for ---- in its current version since 1964. To what extent has the Secretary spoken on this issue? Was there a definitive statement from the agency? The Commissioner has made no definitive statement. And there comes a point when a grant of discretion to the administrative law judges becomes standardless. And a standardless system is not one that serves the public interest well. One of the concerns I have in looking at your approach, and I think Judge Trott actually hit the nail on the head, is that it would create a environment rife with inconsistency. You have a guy that lives in one spot in California, and he makes $8 an hour, and he's being required to commute to another spot. And some ALJ says, well, that's ---- he's making $8 an hour, and he's 64 years old, and we're not going to make him do that. But then you get another situation where the guy's a little further distance, he's making $12 an hour, and the guy says, well, he's making $12 an hour. He can make that leap. And, you know, I mean, what we're ---- I mean, there's no anchor in the statute there or the regs. It just seems to kind of float. And you're right back to the discussion you had with Judge Trott about reasonableness. What kind of a standard is that? Because you're factoring in the age. Maybe the guy's car isn't very good. He comes and argues, well, I don't have a good car. I don't have a car. Somebody else has a car. Well, they have exactly the same circumstances. One would have to take the bus, so maybe it's not reasonable because they'd have to take the bus, and it would take them too long. The other person has a car, okay, it's reasonable. I mean, where do you ---- where does this end? Well, it ends with the imposition of some standard, because the problem that you've just described, Judge Ezra, is what exists today. There is no standard. There is no yardstick by which we can measure the existence of a region. And so the administrative law judges just do what they want in definition of region and what is reasonable definition, because the Commissioner has failed to articulate a standard. And in the absence of an articulation that would be entitled to deference under the Chevron watershed, this Court should fill in the gap and define region in a common-sense way. Kagan. Kagan. Did you want to reserve the rest of your time? Yes. Good morning, Your Honors. My name is Elizabeth Fehr, and I represent the Acting Commissioner of Social Security, Carolyn Colvin. I believe that we've stated our position in the briefs pretty well, and the detailed analysis of why claimants' position that the State of California can't constitute a region under the Social Security Act is untenable. As Judge Ezra was pointing out, the issues of how much money someone's making or how long their commute is are simply not contemplated within the Social Security Act, and my opponent has not given any reason for this Court to conclude that the 2,500 jobs in California are the reason that he's giving us is it doesn't make any sense to me. And so I'm going to ask you, Ms. Fehr, what is the definition of a poor person? Are you from California? I'm from Wisconsin. Well, of some poor person who lives in Weed, California, which is right next to Oregon, that there's 2 million jobs in San Diego, you're out. Well, if there are only 2 million jobs only in San Diego, that wouldn't qualify under the statute, because that would only be one region of the country, and the region where you live, which is not the same as immediate area or other. What's the definition of region that the acting commissioner goes by? Well, there is no precise definition of region, but that doesn't mean it's completely undefined. Well, how do you undefine it, then? Okay. Well, the term region in the Oxford Dictionary includes an area or division, especially a part of a country or of the world, having definable characteristics, but not always definite boundaries. That gives enough guidance, along with the additional information in our statute, which says what the jobs – I mean, the definition here is not region. It's work which exists in significant numbers in the country. So you have to take the whole statutory scheme into consideration here. So we don't specifically define region, but region has its own common definition. We say what is not going to be a significant number of jobs in the national economy, which is jobs that only exist in limited numbers in isolated areas. None of those terms are specifically defined either. It's up to an administrative law judge to make those determinations based on the whole record. Nothing in the statute requires anyone to specifically define region beyond its common parlance. But then we also have case law that very clearly across the country allows ALJs and vocational experts to consider an entire state as the region in which the claimant lives. And this Court has done so in Thomas. My opponent says it's not – the specific issue was not litigated in here, and I would proffer that that's because it's such a common way that VEs testify that no one has ever said it's unreasonable to define a whole state as a region. Kagan. Well, how big of an area is too big to be a region? I mean, it seems like California is very large, and shouldn't there be some limiting principle here? I think that's probably true, Your Honor, and that would be on a case-by-case basis. And I think in this case, no one's shown why these 2,500 jobs, which are agricultural and assembly and nature, are not significant within the context of this case. Well, what would give me an example? Of where a region that would be too big. I would say if a vocational expert is testifying that region 9 under the federal scheme of, like, U.S. Attorney's offices, that would be way too big to be a region. I would say even saying California and Arizona and Nevada, that's too big of a region. Given that we have case law that allows a whole state to be – there is no case that under the statute. It's never come up that way, so that's not surprising. But in my experience, these kind of half-and-half testify about the state of California versus a smaller area, like a tri-county area down south or the Bay Area. So that would be something that – So what did the vocational expert say here? The state. The state. Yes. And no one contested that. No one said, hey, wait a minute, that's too big of an area, which someone certainly could do. But they would have to show why it's unreasonable for the ALJ to conclude – I thought I heard you say that something like California would be unreasonable because it's so big. No, I didn't say that. I said California plus Arizona and Nevada. Oh, I see. So region 9. But region 9 is several different states. Which you said, yeah. You got to be careful around here. Any time you say anything having to do with 9 is too big. Okay. Well – They'll try to split us. That's a great start. But region 9 – I mean, well, I worked in Chicago. That was region 5. And that was three states – or four states. Minnesota, Wisconsin, Illinois, and Michigan. And Indiana. So you say a state can always be a region. Can always. I think it's certainly reasonable for any particular ALJ to say that. I would say that. If someone came up with a very good reason why it shouldn't be – Well, if there's any state that shouldn't be considered – I mean, I can't imagine it wouldn't be California of all of our states. Well, Texas is bigger than California and has multiple metropolitan areas as well. So I would imagine – So what you're saying is some – a person who lives in Weed has to eat it, to put it in the vernacular, if there's lots of jobs in San Diego. No, back to that. My point – perhaps I wasn't clear with that – is that under the statutory scheme, you either have to have a significant number of jobs in the region where you live or in several other regions of the country. So, yes, I see what you're saying. So if those jobs are in San Diego versus Weed, then given that California is a legitimate region, that would be true. So if you have a situation – let's say the person lives in Rhode Island, which is, as we know, a much smaller state than California, would they then just define region as Rhode Island or would they lob in adjoining states? I think they most definitely would lobby in adjoining states. Okay. Because Rhode Island's just – Too small. It's as big as a metropolitan area and some other places. But back to this case and what's going on here is these 2,500 jobs are within the state of California. The ALJ found that was reasonable. It's certainly permissible under the statutory scheme and claimant has not shown that there's one or two jobs spread out all around the state, which would go to the definition of what significant work in the country is not. So there's been no Chevron deference-like statement by a commissioner that says what a region is? It's just sort of an ad hoc thing that people are allowed to do? I think it's a term that's – it's in the statute. The term itself has meaning under a dictionary definition. But we don't pigeonhole it into any particular geographic area. And I think that's permissible under Chevron given that Chevron allows an agency to reasonably administer the statute that it's required to. So you're saying that each ALJ's decision is basically a Chevron decision? No. But each ALJ has to assess the case under the statutory scheme. Given what we say a region – given what we – how we define – I feel like we're chasing our tail here because now you're back at the point that Judge Trott made, which is there isn't a statutory scheme. Yes, there's definitely a statutory scheme. There's no definition. That's what I meant. There's no statutory definition. That's true. But it's work which exists in the national economy is defined as work that exists in significant numbers, also not defined, within the region where you live or several regions in the country. So every ALJ is required to assess the vocational evidence in his particular situation within that scheme. That doesn't mean an ALJ is arbitrarily deciding in one case that a region is five states and in another it's a state. In practicality, it's usually the state or a smaller area. Just because it's permissible to have it be a smaller area doesn't also mean that it can't be the state. I guess you could conceive of a case where a person lived in Rhode Island where there were no jobs at all that fall into this category, but there were millions of them in Massachusetts and Connecticut, and you wouldn't hear the person say, well, they're not in my region because I live in Rhode Island. That's true. Drive across the border 10 minutes away. Yes. And I just want to point out that claimant is essentially saying immediate area and region mean the same thing, and that's just not true, especially given our regulation that says we won't find you disabled if there aren't any jobs in your immediate area. They clearly mean different things. And back to the basic point is that there's no prohibit. The statute itself does not prohibit the agency from defining the region where someone lives as the state where someone lives. Yes, it's arguably unfair sometimes when you have a state like California where someone lives in Redding and the jobs are in Indio, but it's not impermissible, and statutes are not required to always make perfect sense and be fair in every context. Certainly, the money someone makes at a job and the commuting distance is not contemplated in the statute. So unless you have any more questions, I would say please affirm the district court. Thank you. I think we are chasing our tails because the Commissioner has now contradicted herself. If you live in the upper regions of California and the jobs are only in San Diego and we're looking at only the state, is that within your region, given the fact that the person is going to have to move 700 miles? I don't think that that makes sense in the nature of the statute. And what the Commissioner has really said is that silence deserves Chevron deference. And I don't think that the Chevron watershed or any of the cases under Chevron or our permit the court to grant Chevron deference to simple silence. Let's say we agree with you. What are you asking us to do, and how does this work in this case? I think the correct response is to remand this matter to an administrative law judge to adduce evidence of the existence of work in the region and for the ALJ to ascertain region in light of all of the circumstances of the case, or in several other regions of the country, so that we can engage in the Martinez, Beltran, Barker analysis of whether or not that legal – that factual finding is sufficient under the statute. I yield the rest of my time. I owe the Court a ton of time anyway, so I'll yield the rest. Thank you very much. The case is now submitted, and that concludes our calendar for today. Thank you both very much. Thank you, Judge.
judges: Ezra, Trott, Murguia